Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of cellophane sheets similar in all material respects to those the subject of Abstract 56780, the claim of the plaintiffs was sustained.

**No. 57973.**—A. S. Gold & Bro., Inc., et al. *v.* United States, protests 507215–G, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of moufflons or goatskins similar in all material respects to those the subject of Abstract 57768, the claim for free entry under paragraph 1681 was sustained.

**No. 57974.**—Al Fuchs Co. *v.* United States, protest 72014–K (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the kidskin plates are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained as to entry 75082. The protest having been abandoned as to entry 74476, same was dismissed as to said entry.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra,* insofar as entry 75082 was concerned.

**No. 57975.**—Alfin Trading Corp. and W. J. Byrnes & Co. of N. Y. et al. *v.* United States, protests 217680–K, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the kidskin plates are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra.*

**No. 57976.**—Talbot-Mottla, Inc. *v.* United States, protests 190922–K, etc. (Boston).

Opinion by OLIVER, C. J. It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159. Said T. D. 53159 was issued following the decision in *Fred Whitaker Company, Inc.* v. *United States* (27 Cust. Ct. 168, C. D. 1365), affirmed in *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19,

C. A. D. 492), wherein the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes. Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content under T. D. 53159" in the schedule attached to and made a part of the decision in this case.

No. 57977.—Prouvost Lefebvre of Rhode Island, Inc. v. United States, protests 192910–K, etc. (Boston).

Opinion by OLIVER, C. J. It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159. Said T. D. 53159 was issued following the decision in *Fred Whitaker Company, Inc.* v. *United States* (27 Cust. Ct. 168, C. D. 1365), affirmed in *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492), wherein the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes. Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content under T. D. 53159" in the schedule attached to and made a part of the decision in this case.

No. 57978.—Selsi Co., Inc. v. United States, protest 219011–K (New York).

Opinion by OLIVER, C. J. It was stipulated that the merchandise and issues are the same in all material respects as those the subject of *John P. Herber & Co., Inc.* v. *United States* (30 Cust. Ct. 193, C. D. 1519). In accordance with stipulation of counsel and following the cited case, the protest was dismissed, and the matter was remanded to a single judge sitting in reappraisement for determination of the value of the merchandise in the manner provided by law (28 U. S. C. § 2636 (d)).

No. 57979.—C. J. Tower & Sons v. United States, protest 101325–K (Buffalo).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that certain items of the merchandise are similar in all material respects to the Western white spruce lumber the subject of *C. J. Tower & Sons* v. *United States* (31 Cust. Ct. 13, C. D. 1538), the claim of the plaintiff was sustained as to said items.